## LILLIAN A. CHICK *vs.* GILCHRIST COMPANY.

Suffolk.   January 12, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence. Nuisance. Evidence,* Opinion: experts. *Practice, Civil,* Exceptions.

In an action by a woman against a corporation maintaining a large department store, for personal injuries caused by the plaintiff's heel slipping from the narrow part of a step of a staircase at a point where three steps radiated from a post to make a turn in the staircase, by which the plaintiff was descending from the second floor to the first floor of the building, where it appeared that the stairs were lighted by a large arc electric light, it was *held,* that the maintenance o such a staircase, well lighted, was no evidence of negligence, the winding of the stairs in this manner being an ordinary method of construction well known and in common use in stores and office buildings.

At the trial of an action by a woman against a corporation maintaining a large department store, for personal injuries caused by the plaintiff's heel slipping on the narrow part of a step of a staircase where the stairs wound around a post to make a turn, the plaintiff cannot be allowed to show by an expert, after having shown the architectural features of the staircase and the conditions under which it was used, that such stairs under such conditions " were not regarded as safe."

At the trial of an action for personal injuries alleged to have been caused by the defendant's negligence, where there is no evidence of negligence on the part of the defendant, the exclusion of evidence, which, if admissible at all, had a bearing only upon the due care of the plaintiff, does not injure the plaintiff and gives him no ground for exception.

TORT for personal injuries alleged to have been sustained by the plaintiff on April 20, 1907, through the negligence of the defendant.   Writ dated July 17, 1907.

At the trial in the Superior Court before *Harris,* J., it appeared that the defendant was a corporation, that it conducted a large dry goods store in Boston at the corner of Washington Street and Winter Street, occupying several floors; and that thousands of persons thronged there daily.

The plaintiff testified that in the middle of the day she went to the store as a customer, entered on the first floor and went up in the elevator to the second floor, and that, after attending to her wants on the second floor, she returned to the elevator to descend and found it full and was shown by an employee in the store a stairway which led from the second floor to the first floor.

From the second floor to the first platform of the flight of stairs were fourteen steps with seven inch risers and ten inch treads with a nose on each tread of one and one quarter inches. The first platform was about eight feet long and the full width of the stairs was five feet and three eighths inches in the clear. Descending from the platform were two steps similar to the fourteen and then there was a turn of a quarter of a circle which was made by three steps called winders, radiating from a post, the three steps coming to a point at the post and filling the quarter circle at about the same width as that of the other stairs. The step from which the plaintiff fell, being the first winder, varied from a point at the post to a width of two feet and eight inches, five feet and three eighths of an inch from the post. After the three winders came three steps leading down to another platform and from that platform down to the floor of the store were four more steps similar to the fourteen previously described. There was a hand rail down the left hand side of the stairs, and about one foot from the corner was a brass railing about two inches in diameter. At the left of the lower platform of the steps near the ceiling was a large arc electric light, which the plaintiff said that she looked at just an instant before the time of the accident and that it was rattling and flickering. At a point about two feet from the ceiling and about ten inches in front of a perpendicular drop from the ceiling to the first winder was a pasteboard sign about two and a half feet long and eight inches wide on which was written " Keep to the right." People on the stairway were coming up on what was the right hand side of the plaintiff and as she descended she went down on the left hand side. She came down to the first landing and looked at the stairs as she was about to descend and they appeared to her all right and she started down holding on to the brass rail. After taking one or two steps down she put her left foot out to step upon the step and found that only her heel was supported ; that she fell, still holding on to the hand rail, went down to the next platform and from there to the floor.

· The plaintiff offered to show, as bearing upon the question of her due care, that the brilliant light in its position dazzled her eyes and that consequently the stairs, which she was looking at at the time, failed to show the narrow part where she fell. The

judge excluded the evidence, and the plaintiff excepted.  This evidence also was offered as showing one of the conditions immediately surrounding the stairway which rendered the place dangerous.

The plaintiff further offered to show by expert testimony that stairs, such as were found there and under conditions such as were found there, were not regarded as safe in a store where large throngs of people constantly were going up and down. The judge refused to admit the opinions of the expert and limited him to describing the architectural features and the conditions.  To this the plaintiff excepted.

At the close of the evidence the judge ruled that the plaintiff had shown no negligence on the part of the defendant, and ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*H. C. Long*, for the plaintiff.

*J. A. Lowell*, (*J. Lowell* with him,) for the defendant.

SHELDON, J.  We find nothing in the evidence which could warrant a finding of any fault or negligence in the defendant. The staircase was of ordinary construction, winding in a manner which is well known and in common use in stores and office buildings.  It was not in any respect out of repair.  The steps were of proper kind and form.  That the place was well lighted did not show any negligence; it might have tended to show negligence if it had not been.  *Marwedel* v. *Cook*, 154 Mass. 235. The brass railing was an additional precaution for safety.  The case resembles *McIntire* v. *White*, 171 Mass. 170.

The expert testimony that such stairs under such conditions " were not regarded as safe " was clearly incompetent.  The testimony that the plaintiff's eyes were dazzled by the light and that therefore she failed to see the narrow part of the tread on which she fell had no tendency to show negligence in the defendant.  Its utmost effect would be to indicate due care or the absence of negligence on her part; and that is not the point on which she fails.  She was not aggrieved by the exclusion of this testimony.

The verdict for the defendant was rightly ordered.

*Exceptions overruled.*