Gadsby, J.
This is an action of tort for negligence in which the plaintiff seeks to recover damages for personal injuries resulting from walking against a glass door of a retail store of which the defendant was the owner.
The plaintiff alleges that the defendant maintained his premises in such a manner that they were unsafe for the Customers, as a result of which the plaintiff sustained injuries.
*179 The evidence showed that in March, 1940, the defendant improved the front of his store, installing a new door consisting of one large piece of practically transparent glass; there were no hinges of the usual character; that the door swung on two pins, one set into the top of the door and into the frame above, the other set into the bottom of the door and into the frame below; the holes in the glass into which these two pins were inserted were concealed by two small light colored plates fastened upon the surface of the door, the handles by which the door was opened and closed were vertical cylinders of glass similar to the door, about one foot in length and attached at both ends to the door by light colored metal appliances or fittings; there was no sign or inscription upon the door and practically nothing to interfere with the complete transparency of the same.
On or about March 28,1940, the plaintiff passed through the doorway into the store, the door at the time being open ; although he had been aware that changes were being made in the store front, this had been the first time he had entered the store since they had been made and he had made no examination thereof and did not see that there was a new door made of glass; after making a purchase, he started to leave the store without knowing that the door was closed and without knowing that the door was made of transparent glass. He walked against the door and struck his nose on the glass, causing a breaking of the skin and bleeding of the nose resulting in considerable pain and discomfort and requiring medical treatment:
The defendant filed certain requests for rulings of law as follows:
1. The plaintiff has failed to prove by a fair preponderance of evidence the allegations in his declaration.
2. The court should rule as a matter of law that the evidence warrants a finding that the plaintiff was not in the exercise of due care at the time of the accident.
*180 3. There is no evidence in this action which will constitute a finding of negligence on the part of the defendant.
4. The court should rule as a matter of law that there is no evidence which will support a finding that the defendant created or maintained a nuisance.
5. The evidence in this case warrants a finding for the defendant as the plaintiff failed to prove any breach of duty owed him, by the defendant.
6. The court should rule as a matter of law that the plaintiff’s negligence contributed to the accident.
7. There is no evidence that the defendant, his agents, or servants, could have known by the exercise of due care of any defective condition existing to the door by which the plaintiff alleges he was injured.
8. The court should rule as a matter of law that the plaintiff should have known and appreciated the condition of the door by which he claims to have been injured, and, therefore, the plaintiff was guilty of contributory negligence.
The court properly denied request #1, since the question whether the burden of proof.has been sustained is a question of fact, and not of law.
It is only in comparatively rare instances that it can be ruled as matter of law that a burden of proof depending upon oral testimony has been sustained. Duggan v. Bay State Street Railway, 230 Mass. 370 at 379. The case falls within the principle that it cannot usually be ruled as matter of law that a burden of proof has been sustained. Morrissey v. Connecticut Valley Street Railway, 233 Mass. 554 at 556.
Requests #2 and #6 were properly denied since they requested the court to find, contributory negligence on the part of the plaintiff as a matter of law when it is purely a question of fact.
*181 The form of these requests import that they were directed to a finding of .fact. They were not phrased in appropriate words to express a request for a ruling of law. If that had been intended, the established practice would be asked for a ruling to the effect that the evidence did not warrant a finding that the plaintiff was in the exercise of due care. The mere fact that these requests were described under a general heading, “Requests for Rulings,” does not transform them into requests for rulings of law. Their nature must be determined from their essentials and not from their name. White v. E. T. Slattery Co., 236 Mass. 28 at 31. DiRuscio v. Popoli, 269 Mass. 482 at 486. Castano v. Leone, 278 Mass. 429 at 431. Crowinshield v. Jackson, 283 Mass. 21. Mahoney v. Norcross, 284 Mass. 153.
Whether the burden of proof has been sustained is a question of fact. It is rarely that a finding of negligence or contributory negligence can be determined as a matter of right. Commonly it must be determined as a matter of fact upon a consideration of the evidence. The case at bar falls within this general rule.
Therefore, the issue of contributory negligence on the part of the plaintiff has not been properly raised, and it is not necessary to consider this aspect of the case.
However, the defendant has properly raised by requests #3 and #5 the question of whether any negligence existed on the part of the defendant. Therefore, the sole question for consideration of this court is whether the door by itself created a dangerous condition so that the defendant would be liable to his customer, the plaintiff for the damage sustained by him.
The question now revolves itself into whether there was any breach of the duty owed by the defendant to the plaintiff.
*182 Assuming that the plaintiff had the right of an invitee, in what did the negligence of the defendant consist? It is clear that the defendant owed the plaintiff the duty of using reasonable care to keep the premises in a safe condition for him to use, or of warning him against any dangers attendant upon its use, which were not known to the plaintiff and which were known to the defendant, or which in the exercise of reasonable care ought to have been known by the defendant. Shaw v. Ogden, 214 Mass. 475 at 476.
In Grogen v. O’Keffe, 267 Mass. 189 at 192, the court said, “The general rule applicable to merchants who invite the public to enter their premises is that a merchant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them, using due care, if he has held out any invitation, allurement or inducement, either expressed or implied, by which they have been led to enter thereon. Where the user exists for the advantage of both parties it is deemed an invitation.”
In Palmer v. Boston Penny Savings Bank, 301 Mass. 540 at 542, the court said, “It was bound to keep its premises in a reasonable safe and suitable condition for the use of those who entered thereon for the purpose of transacting with the defendant, the business for which the property was apparently adapted and maintained. If the presence of such. a. person upon the premises was likely to be attended by a peril not open and obvious and concerning which he had no knowledge, then the defendant, if it knew or ought to have known of such danger, was obliged to warn such person or to take other appropriate measures to avert injury to him.”
. There being a certain duty owed by the defendant' to the plaintiff,, as invitee, there then remains the question as to whether the defendant was negligent. It is elementary that *183 the plaintiff cannot recover in the absence of any negligence on the part of the defendant. In order to hold the defendant liable, there must exist both the duty and the negligent act. The injury must be the result of the wrongful act of the defendant. Currier v. Whitin Machine Works, 258 Mass. 82. Guinan v. Famous Player Corp., 267 Mass. 50. Coulombe v. Horne Coal Co., 275 Mass. 226.
There is no evidence that the door as constructed was unsafe or in any way dangerous for use. Burke v. Crimmins, 256 Mass. 14. Douglas v. Shepard Co., 217 Mass. 127. The only allegation resting on the defendant towards the plaintiff was to use ordinary care to keep the premises in a reasonably safe condition for his use as a customer. Nye v. Louis K. Liggett Co., 224 Mass. 401. The burden was on the plaintiff to prove some act of negligence by the defendant. The facts do not show that the defendant was careless. Mahoney v. Great Atlantic & Pacific Tea Co., 269 Mass. 459.
To hold the defendant liable under these circumstances would be to impede the making of modern improvements. As the court said in Patrick v. Kresge Co., 288 Mass. 194 at 197, “The stairway in question was not uncommon in construction and presented no unusual danger. Negligence could no more be found in its construction than in the construction of winding stairs in the case of Chick v. Gilchrist Co., 208 Mass. 183.” See also Bezzell v. R. H. White Co., 220 Mass. 129 at 131, for a case involving swinging doors where the court held no liability.
It would be too great a hardship on modern business if liability were imposed under these circumstances. Therefore the trial judge erred in denying the defendant’s requests for rulings #3 and #5.
The finding for the plaintiff is therefore vacated and a finding entered for the defendant.