John D. Hays, Plaintiff-Appellant, v. Charles Place, Defendant-Appellee.

Term No. 53–F–11.

Opinion filed May 21, 1953. Rehearing denied July 13, 1953. Released for publication July 16, 1953.

LEONARD J. DUNN, of West Frankfort, for appellant.

FRANK E. TROBAUGH, and STEPHEN E. BRONDOS, both of West Frankfort, for appellee; DAVID A. WARFORD, of Marion, of counsel.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is a negligence case in which the jury found the defendant not guilty. The court denied a motion for new trial and entered judgment on the verdict, from which plaintiff appeals. Counsel describe the occurrence as follows:

"The case arises out of personal injuries sustained by John D. Hays while assisting the defendant, Charles Place, in getting his Buick automobile started on a cold December morning. The defendant had made several attempts to start the car and finally attempted to start it by pouring gasoline in the carbureter. Defendant then requested the plaintiff to assist him by pouring some more gasoline in the carbureter, and as plaintiff

got under the hood and began pouring, the defendant, without the knowledge of the plaintiff, got into the car, turned on the ignition and pressed on the starter. The raw gas in the carbureter exploded, shooting flaming gasoline out of the carbureter into plaintiff's face and on his clothes, burning him severely about the face, neck, hands and body."

The defendant denies that he got into the car without the plaintiff's knowledge, asserting a two-hundred-pound man could not possibly get into a car without the knowledge of a man leaning against the front fender. Otherwise, the statement of facts is not disputed. From this, plaintiff argues the verdict is contrary to the manifest weight of the evidence.

This does not necessarily follow. To make the defendant liable, it is necessary that the injury "in the exercise of reasonable care, should have been foreseen." *Berg v. New York Cent. R. Co.*, 391 Ill. 52, 64.

"Assuming a duty due from one person to another and neglect thereof, liability for the neglect is limited in law to results which reasonably could have been anticipated. Without such a rule people could not safely live in our complex society. . . . The reasonable man, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of events." *Dabrowski v. Illinois Cent. R. Co.*, 303 Ill. App. 31, 42, quoting from Pollock on Torts, 8th Ed. 41.

"A man cannot be held responsible on the theory of negligence for an injury from an act or omission on his part unless it appears that he had knowledge or reasonably was chargeable with knowledge that the act or omission involved danger to another." 38 Am. Jur. Negligence, Sec. 23. "In order to impute knowledge of

508

a dangerous thing, the danger thereof must have been such as is recognized by common experience, or by the special experience of the actor." Id. Sec. 24.

■■ The complaint in this case was drawn on the theory that the defendant was automatically liable for the result that occurred. Under the principles above stated, this would be true if the possibility of an explosion resulting from defendant's act was a matter of common knowledge, so that he should have known his act might cause injury. Jurors are supposed to be competent in everything pertaining to the ordinary and common knowledge of mankind. *Paisley v. American Zinc Co.*, 235 Ill. App. 22. For this reason, they set the standard of care, except where the standard is fixed by law. Hence, whether conduct established by the evidence amounts to due care, or is negligence, is normally a question for the jury. *Middendorf v. Loiseau*, 335 Ill. App. 338; *Painter v. Keeshin Motor Express Co., Inc.*, 297 Ill. App. 557.

■■ Under the undisputed facts in this case, it was a question for the jury whether the defendant was chargeable with knowledge of the danger of his act, so that it amounted to a failure to use ordinary care, and it cannot be said that the verdict is contrary to the manifest weight of the evidence.

■ Of course, the principles announced above indicate that the defendant would still be held responsible if he had actual knowledge of the possible consequences of his action. While there was no charge in the complaint that he had any special or unusual knowledge of the subject, an attempt was made to show such knowledge by cross-examination, and by showing what he had said after the occurrence.

■ Defendant showed some knowledge of the way the explosion could occur, when he testified at the trial, but denied he had such knowledge at the time of

the injury, denied that he had any reason to expect the result, and asserted he had done the same thing before and seen others do it, and no explosion occurred. Assuming this point was within the scope of the pleadings, it remained a question for the jury whether the defendant had such actual knowledge as to put him on notice of the possibility of injury. Where that issue is pertinent, previous similar occurrences may be shown as evidence of defendant's knowledge, and absence of prior occurrences to show his lack of knowledge. *Campion v. Chicago Landscape Co.,* 295 Ill. App. 225.

It is of some interest to note that, not only did defendant deny any actual knowledge of the explosive possibilities of the operation in question, but the plaintiff also had admitted that, at the time of his injury, he did not know of that danger, though he added "I know it now."

Although the theory of plaintiff in this case involved the implication that defendant was chargeable with knowledge as an ordinary prudent man, the plaintiff offered to prove by a skilled mechanic how the explosion could occur. Error is assigned because the court rejected the offer.

 Testimony is not received to show what the average person is supposed to know. *People v. City of Chicago,* 209 Ill. App. 582. Testimony of experts is received in evidence on matters of their superior knowledge. Not so on matters of common knowledge. *Hellyer v. People,* 186 Ill. 550; *Chicago & A. R. Co. v. Lewandowski,* 190 Ill. 301; *Illinois Cent. R. Co. v. Smith,* 208 Ill. 608, 612; *Springfield & N. E. Traction Co. v. Warrick,* 249 Ill. 470.

 Expert testimony is frequently received to assist the jury in understanding the technical and scientific facts of a case. Of course, this is subject to the usual rules of evidence that it must be material and relevant to the issues. In this case, there was no dis-

pute in the evidence that the explosion had occurred or that it was caused by stepping on the starter. In fact, the defendant's own testimony was to that effect. The issues to be decided were thus confined to the question whether defendant's admitted acts had violated his duty of due care, and the question whether plaintiff had negligently contributed to his own injury. A further technical explanation of the mechanics of motors would be of no value in deciding these issues, where the actual cause of the explosion was not questioned. The ruling was not error.

 Plaintiff also contends the court erred in refusing to sustain an objection based on the act of defense counsel in reading certain questions propounded to a witness. It is claimed the questions were read from the discovery deposition of the witness. The ruling was not error. There is no rule prohibiting counsel from reading questions previously prepared, and certainly it cannot be ground for objection that the same question was asked the witness at some other time and place before the trial.

 Another objection is that the court permitted defense counsel to ask his client how he felt about the incident, and permitted the reply that he thought it was an accident. Usually this would be improper, since it was not material how defendant felt about it, and his liability could not depend on his own feelings. But it is obvious that the court permitted this question and answer on re-direct, because it had been dealt with on cross-examination. Defendant had freely expressed his sorrow over the injury, and his statements were brought out on cross-examination in the effort to indicate that he had known his action was dangerous. Having thus questioned his knowledge and mental attitude, the court had discretion to permit it to be clarified on re-direct. 58 Am. Jur. Witnesses, Sec. 562.

Other rulings of the court on evidence and arguments are presented and have been considered, but we find the rulings adequate and full discussion thereof is not justified. Other objections pertain to the instructions.

■■■ It is asserted the court erred in instructing the jury that if both parties were at fault there could be no recovery. Technically, the words "at fault" should be replaced with the word "negligent," but we do not regard this variation as reversible error.

The jury were also instructed to find the defendant not guilty if they believed from the evidence that the injury resulted from an accident without the fault of the parties. This reference to "accident" has been criticized in a number of cases, such as, *Williams v. Matlin*, 328 Ill. App. 645 and *Frost v. Andes Candies, Inc.*, 329 Ill. App. 535. In the *Williams* case, the court said, "It is only when there is evidence tending to show that plaintiff was injured through accident alone, not coupled with negligence, that the giving of such instruction is permissible."

■■■ In the case at bar the defense was based on the theory that the injury was the result of an accident, in the sense that it was not foreseeable by a man of ordinary prudence and knowledge. There were circumstances and testimony in support of that theory, and the cases recognize that the instruction is proper in that event. *Bentkowski v. Bryan*, 299 Ill. App. 217.

We find no reversible error in the proceedings and the judgment is affirmed.

*Judgment affirmed.*

BARDENS, P. J. and CULBERTSON, J., concur.