No. 19,493.

Harrison Blackburn, d/b/a Erhard Hotel, *v.*
Myree D. Tombling.
(365 P. [2d] 243)

Decided October 2, 1961.    Rehearing denied October 23, 1961.

Messrs. McComb, Zarlengo & Mott, for plaintiff in
error.

Messrs. Wood, Ris & Hames, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to the parties as follows: Plaintiff in

error as Blackburn or defendant, and defendant in error as Tombling or plaintiff.

Blackburn seeks reversal of a judgment entered against him for $5,000.00 awarded to plaintiff for personal injuries allegedly sustained by her when she fell from a step on the hotel premises operated by Blackburn. In her complaint plaintiff alleged that on the date of the occurrence she was on said premises as a business invitee and that the injuries which she received were proximately caused by the careless and negligent manner in which the defendant managed and operated the premises. The property in question is known as the Erhard hotel, of which defendant was lessee and manager.

In his answer defendant admitted the operation and management of the hotel but denied the remaining allegations of the complaint. He raised as affirmative defenses that the accident was proximately caused by the sole negligence of the plaintiff; by the contributory negligence of the plaintiff; that plaintiff assumed the risk of any alleged dangerous condition or that the accident was unavoidable.

On the day of the accident of which Tombling complains she was in the act of leaving the hotel premises, operated by Blackburn, through the front entrance thereto. On entering or leaving the hotel one was required to pass through a double set of doors separated by a vestibule. The doors nearest the street opened upon the sidewalk. When this outer door was opened it extended about twenty inches beyond the outer side of a step down to sidewalk level. As plaintiff left the hotel she fell and suffered the injuries complained of.

Counsel for Blackburn present their argument for reversal under five captions. We deem it necessary to consider only two points upon which we ground a reversal of the judgment.

First: "The court erred in permitting a so-called ex-

pert witness to testify that defendant's doorway constituted a dangerous condition."

Counsel for Tombling called as a witness one John K. Monroe, an architect who had practiced his profession in the Denver area for many years. Monroe had designed hotels, but had never constructed either hotels or apartment buildings. He testified that he had viewed the entrance to the Erhard Hotel, at plaintiff's request, from the outside but never from the inside. He admitted on cross-examination that he did not know what a person could see going out through the entrance; that he made no measurements; and that the only inspection he made was in the daytime. Finally, he stated that the doors, to which we have referred, swung out over the step some 20 to 24 inches although he did not make any measurements to that effect. The witness was then asked whether he had an opinion as to whether the hotel's outer doors as they relate to the steps involved created a dangerous condition, to which the witness replied that he did. He was then asked to give his opinion. Defendant objected to this question for the reason that the situation at hand was not such as required or permitted an expert opinion; that to allow the witness to express such an opinion would be to allow him to usurp the province of the jury and to actually decide the ultimate issue of the case, namely, whether or not a dangerous situation did exist. Despite said objection the court permitted the witness to answer — that in his opinion the condition was dangerous.

█ The admission of this evidence was error. Generally, "Expert opinion evidence is admissible where the subject matter is such that a jury cannot be expected to draw correct inferences from the facts." 32 C.J.S. §520, p. 217. There is no need for expert opinion with reference to facts involving commonplace occurrences. As stated in the above cited section of C.J.S.:

" * * * However, an expert witness in a manner dis-

charges the functions of a juror, and his opinion evidence should never be admitted unless it is clear that the jurors themselves are not capable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts proved, in other words, evidence of the opinion of experts is admissible only when the subject matter of the controversy renders it necessary or proper to resort to opinion evidence. * * * "

The following decisions of courts of last resort have applied the foregoing rule to fact situations which are comparable to that shown in the instant case: *Del-Mar Garage v. Boden,* 95 Ind. App. 317, 179 N.E. 729; *Morton's Adm'r v. Kentucky-Tennessee Light & Power Co.,* 282 Ky. 174, 138 S.W. (2d) 345; *Burton v. Horn & Hardart Baking Co.,* 371 Pa. 60, 88 A. (2d) 873; *Chick v. Gilchrist Co.,* 208 Mass. 183, 94 N.E. 276; *Ferreira et al v. Borough of Wilson,* 344 Pa. 567, 26 A. (2d) 342.

█ Second: Counsel for Blackburn further argue that the trial court erred in admitting evidence, on cross-examination of Blackburn, over objections of his attorney that other persons had stumbled or fallen over the doorway in question at times prior to the date of plaintiff's accident. The precise question asked in this connection is as follows:

"Q. Mr. Blackburn, isn't it also true that prior to April 15, 1956, you had been notified by various persons, either who lived at the hotel or who used the hotel for purposes of coming and going, that this step situation had caused them to stumble or fall?"

This question was immediately objected to as being incompetent, irrelevant and immaterial. The objection was overruled and the defendant answered that two or three people had stumbled there. Defendant's exact words were:

"A. Yes, there had been two or three people stumble there and make comment about it."

Plaintiff made no attempt to establish any similarity

of the circumstances between the isolated events and the accident in question. There was no showing whether such prior incidents occurred while persons were entering or leaving the hotel; whether they occurred in daylight or at night, or whether they were in any way similar to the accident in question. In *City and County of Denver v. Brubaker*, 97 Colo. 501, 51 P. (2d) 352, this court stated the general rule as follows:

"Unquestionably it is a general rule that evidence of similar but disconnected incidents is irrelevant and immaterial on the issue of whether plaintiff is entitled to recover because of a defendant's negligence. Many different factors may enter into an individual case. To argue that one or more independent but similar instances, possibly tending to establish negligence, imply negligence in a pending case would violate a salutary principle of proof. * * * "

See also *Griffith v. Denver*, 55 Colo. 37, 132 Pac. 57.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE MCWILLIAMS not participating.