Paul Shafer, Appellant, v. Northside Inn, Inc., a Corporation, Fannie Goldstein, and Paul Jones, Appellees.

Gen. No. 48,452.

First District, Second Division.

October 15, 1963.

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellant.

William J. McKenna and Jacobs & McKenna, of Chicago (Barry L. Kroll, of counsel), for appellees, Northside Inn, Inc., and Fannie Goldstein.

MR. JUSTICE FRIEND delivered the opinion of the court:

Paul Shafer brought suit to recover damages for personal injuries suffered as a result of a knife wound inflicted by defendant Paul Jones following an altercation in the Northside Inn, a tavern, which was leased from defendant Fannie Goldstein. The action was laid in two counts: the first, under the Dram Shop Act (Ill Rev Stats 1961, c 43), sought damages from Northside Inn, Inc., and Fannie Goldstein, the owner and lessor of the premises, on the theory that North-

side Inn sold intoxicating liquors to Paul Jones, allegedly causing his intoxication, and that as a proximate result thereof Jones assaulted plaintiff, inflicting the damages alleged; the second count, solely against defendant Jones, sought punitive and exemplary, as well as compensatory, damages, on the theory of civil assault.

Pursuant to trial and verdict of a jury, judgment was entered for all defendants and against plaintiff. His post-trial motion for a new trial was denied, and he appeals. The sole claim of error upon which plaintiff seeks reversal relates to an allegedly prejudicial statement in the opening argument of the attorney for defendant Jones who stated to the jury that his client had been arrested but absolved of criminal liability. Plaintiff asserts that this single improper statement so prejudiced the jury that its verdict for defendants cannot stand.

The question to be resolved is whether this admittedly improper remark constitutes reversible error and requires the granting of a new trial. Immediately after the attorney for defendant Jones made this remark, the trial judge held a conference with the attorneys for both sides outside the presence and hearing of the jury. After noting plaintiff's objection to the remark, the judge said:

> "The Court, naturally, is vitally interested in both sides having a fair trial in this case. My honest feeling is, as a practical matter, that this proposition which was the subject of plaintiff's counsel's objection was not gotten across to the jury to such an extent that it would prejudice the rights of the plaintiff in the furtherance of this trial, and, therefore, the ruling will be that the motion for withdrawal of a juror and the declaration of a mistrial is denied."

Plaintiff's counsel cite authorities in support of their contention that in a close case the verdict must be reversed where the attorney for the winning side is guilty of improper and prejudicial remarks. Except for the testimony of plaintiff and his witness David Knight, there is substantial agreement as to the facts surrounding the stabbing. In the early morning hours of January 1, 1954, plaintiff and defendant Jones were in the Northside Inn, owned by Owen McGary and William Murphy. All the parties who testified to the events in the tavern were in basic agreement that Shafer and Jones engaged in an argument in the tavern. As a result, according to Jones, Shafer threatened to "get" him, no matter which door he used to leave the tavern. Shafer, over six feet tall and weighing more than two hundred pounds, was waiting outside for Jones, a much smaller man, to come out, and when Jones emerged Shafer punched him and knocked him down, then sat on top of him and began pounding his head on the concrete steps; thereupon, Jones stabbed Shafer in the thigh with a pocket knife.

Aside from his own testimony, Shafer's version of the facts was supported only by the testimony of David Knight, who stated that Jones stabbed Shafer in the back and then ran away. This testimony is utterly irreconcilable with that of other witnesses. Knight's presence at the scene was a matter of serious dispute. He asserted that he sat at a table with Philip Rice, and that he left prior to the stabbing and sat outside in a car with Rice. Rice, on the other hand, denied seeing Knight on the evening in question, and further asserted that he left with Jones. The bartender testified that Knight was not present in the tavern that evening, and that he had on a previous occasion ordered Knight out of the tavern and told him not to return. Knight asserted that Jones had four or five drinks, all whiskey and water. Jones denied seeing

Knight at all on the evening in question, further denied drinking with him that night, and also denied drinking any whiskey. In this he is corroborated by the owners of the tavern, McGary and Murphy. They, as well as Rice, testified that Jones was strictly a beer drinker and never drank whiskey. Furthermore, no person other than plaintiff remembers seeing Knight in the tavern that evening.

 In finding for defendants, the jury evidently disbelieved Shafer and his witness Knight. The evidence does not give rise to "a close case." Accordingly, we hold that the improper remark by counsel for defendant Jones does not constitute reversible error because, as we view the record, the result could not fairly have been otherwise. A verdict will not be reversed, even though there is error in the record, where the result is fair and just, where the error did not affect the result, or where the result would most likely be the same. In People v. Storer, 329 Ill 536, 542, 161 NE 76 (1928), the court said:

> "The object of the review of judgments of trial courts by courts of appellate jurisdiction is not to determine whether the record is free from error but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, in a trial in which no error has occurred which might be prejudicial to the defendant's rights. . . ."

Johnson v. Chicago & N. W. Ry., 9 Ill App2d 340, 357–358, 132 NE2d 678 (1956), is to the same effect. The ultimate goal of a trial is a fair and just result. Fraider v. Hannah, 338 Ill App 440, 453, 87 NE2d 795 (1949). When it is clear that the case has been fairly tried and that the judgment is clearly right, the judgment should be affirmed by a reviewing court. The Illinois Supreme Court in Allendorf v. Elgin, J. & E. Ry. Co.,

8 Ill2d 164, 182, 133 NE2d 288 (1956), considered the problem of whether an improper remark constituted reversible error and said:

> "The ultimate question, of course, is not whether the trial was scrupulously free from error, but whether any error which occurred operated to the prejudice of the defendant. It is our opinion that the result in this case would have been no different even had the actuary employed neutral figures in her testimony. . . ."

The judgment in favor of defendants is amply supported by the record, and the trial judge, having heard the evidence adduced upon trial, was justified in ruling that the jury was not affected by the improper remark and therefore correct in refusing to declare a mistrial or to grant plaintiff a new trial. The judgment of the Superior Court in favor of defendants and the order denying plaintiff's post-trial motion are affirmed.

Judgment and order affirmed.

BURKE, PJ and BRYANT, J, concur.