Riley E. Roberts, Administrator of Estate of John Edward Roberts, Deceased, Appellant, v. City of Rockford, Appellee.

Gen. No. 9,331.

Opinion filed August 30, 1938.

CLARK & PRATHER and RYAN & HOOD, both of Rockford, for appellant.

NORTH, GIBBONEY & NORTH and CARROLL H. NELSON, both of Rockford, and A. V. ESSINGTON, Corporation Counsel, for appellee; FRANK P. NORTH, of Rockford, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This was a suit by appellant administrator for the death of his minor child, age 6, occasioned by being struck by a motor truck of appellee, then being operated by Hans Anderson, an employee of appellee. The accident occurred near the place where Tenth avenue enters Kishwaukee street, in the city of Rockford, at about 30 minutes past noon on May 19, 1936. The case was tried before the court without a jury, and a judgment rendered in favor of the defendant. Appellant has prosecuted this appeal therefrom.

Appellant contends that the judgment is against the law and the manifest weight of the evidence. The driver of the truck was proceeding south on Kishwaukee street. Tenth avenue stops at Kishwaukee street, entering the same from the east. Kishwaukee

street slopes toward the south at the above place. Cars approaching from the south are thus proceeding uphill and cars from the north, downhill. It appears that plaintiff's intestate was standing on the southeast corner of Kishwaukee street and Tenth avenue. Cars were coming north on this street approaching the corner where the deceased was standing. The first car in the line of traffic which was coming north up the hill on Kishwaukee street, was being driven by David Stenholm, who had been a resident of Rockford for 50 years. He states that as he approached the place on Kishwaukee street, where Tenth avenue begins and runs east, that he saw a young boy running across the street in front of his car; that he applied the brakes, stopped the car, killing the engine; that he saw the boy continue running across the street to a place where he was struck by the bumper on the front end of the truck, knocked to the pavement, the front wheel passing over his body. Several passenger cars were in the lane of traffic behind the car driven by Mr. Stenholm. They brought their cars to a sudden stop, due to the fact their lane of traffic was obstructed by the car of Mr. Stenholm. Mr. Cleveland was proceeding up Kishwaukee street several cars behind the car driven by Mr. Stenholm. He states that he saw the deceased on the curb apparently trying to decide whether to cross the street or wait for the traffic to pass. He further states that the boy apparently decided to cross the street, and left the curb on the run. He could not see him immediately after he left the curb, but he did see him just as he appeared to the left of the cars in front of this witness, and just as he ran directly in the path of the truck. He states the front bumper struck the boy in the chest or stomach. He did not go to the scene of the accident. From this witness's testimony it is reasonable to infer that the boy when he started running across the street in front of the cars approaching from the south, did not see the truck coming from the north,

and that after he reached the center portion of the street and saw the truck, he attempted to run in front of it, in order to reach the west side of Kishwaukee street.

A number of witnesses testified for plaintiff regarding the place of the accident, and concerning the accident after it occurred. They consisted of people who were in the near vicinity, whose attention was attracted by the noise made by the application of brakes in the sudden stopping of cars. They then saw the situation as it existed after the accident. None of them saw the boy leave the curb and attempt to run across the street, except Mr. Chappel, who was driving his car in the lane of traffic behind Mr. Stenholm. This witness states that as he was driving north up Kishwaukee street, he saw the boy standing on the east curb; that he had a feeling that the boy was about to run into the street; that he was at that time about 100 yards south of him; that the boy did run into the street and he saw the truck collide with the deceased. This witness further states that he travels Kishwaukee street, that it is a through street, and carries heavy north and south traffic.

The testimony of the truck driver was to the effect that he had been driving this truck for about a year and a half; that it was in good mechanical condition and had new brakes, which had been installed a few weeks previous; that he had lanterns and flares in the truck, which he was taking to a place on Kishwaukee street where some excavating was being done; that he did not see the boy prior to the accident; that after the accident he stopped the truck, got out, and found the boy lying behind it; that he picked him up, gave him to a man, and asked him to take him to the hospital. This was done, where the boy later died from the injuries received.

A frequent source of accidents arise in cases where children, in response to their childish impulses, attempt

to run across a street in front of approaching traffic, when there is neither time nor space enough to enable them to cross or to enable the driver of motor vehicles to avoid running into them. The fact that such an accident occurs, should not of itself create an inference of negligence on the part of the driver, since the fact is just as consistent with the conclusion that the injury took place through the indiscretion of the child as through the negligence of the driver. In such cases to justify a recovery, there must be evidence of negligence, furnished by the testimony of eyewitnesses, or fairly deducible from the circumstances under which the accident took place. Where a driver appears to have been proceeding in his own traffic lane and in a lawful and orderly manner, he should not be held liable for injuries received by a child who suddenly runs in front of the machine so that the driver is powerless to avoid the injury. *Morrison v. Flowers,* 308 Ill. 189, 197; *Zink v. Breese Grain Co.,* 260 Ill. App. 281, 283; annotations 65 A. L. R. p. 211.

It was the duty of the trial court in this case to weigh the evidence and decide the issues as he thought proper under the law and the evidence. He saw and heard the witnesses and came to his conclusion with respect to the disposition of the case. The question before the court was, did the evidence tend to show negligence on the part of the driver of the truck. The evidence was conflicting and judgment might have been rendered either way, but the fact there was conflicting evidence does not render the case any different from other cases involving controverted questions of fact. In order for this court to reverse and remand this case it would be necessary to hold that the judgment was against the manifest weight of the evidence. This we do not think the record justifies. The judgment is therefore affirmed.

*Judgment affirmed.*