Frank W. Ulrich, Administrator of Estate of Frank William Ulrich, Jr., Deceased, Plaintiff-Appellant, v. Fred W. Rickert, Defendant-Appellee.

Gen. No. 11,140.

Second District, Second Division.

April 14, 1958.

Released for publication May 1, 1958.

* See Callaghan's Illinois Digest, same topic and section number.

Harold D. Martin, of Loves Park (Harold D. Martin, of counsel) for appellant.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel) for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago county from a judgment entered on a jury verdict finding the defendant not guilty of wrongfully causing the death of plaintiff's intestate. The plaintiff's intestate, Frank William Ulrich, Jr., was a fourteen year old pedestrian who was struck and killed by an automobile operated by the defendant. The deceased left surviving his father and mother as next of kin.

The complaint consists of two counts. The first count charges general negligence and the second count charges specific acts of negligence. Both counts were submitted to the jury.

The plaintiff contends that the verdict is against the manifest weight of the evidence; that the trial court should have directed a verdict for the plaintiff at the close of all the evidence; that as to the first count it was incumbent upon the defendant to introduce evidence and meet the proofs of the plaintiff and infers under this count that the doctrine of res ipsa loquitur would apply; that the court erred in giving defendant's instructions 10 and 12; and, lastly, that prejudicial remarks were made during final argument by counsel for the defendant.

The evidence as to the actual occurrence is meager. The defendant was prevented from testifying as to the actual occurrence under the Evidence Act, by objection of plaintiff. The only occurrence witness testifying was Gary Allen Pierce, age 15. The accident occurred about 9:00 o'clock P.M., on February 1, 1957, on U. S. Highway No. 51 or North Second Street in Winnebago county in an area outside the corporate

187

limits of any municipality. At this point, there were no street lights, no intersecting road or cross walk. At the point of the accident, Highway No. 51 runs north and south. The defendant was driving alone and was operating his 1955 Ford automobile in a southerly direction.

Prior to the fatal collision, the deceased and the witness Pierce had been walking south on the west shoulder of Route 51. Immediately prior to the accident, the witness Pierce crossed the highway to the east side and at that time the deceased was standing on the west shoulder making a snowball. The evidence as to whether the deceased was standing on the west shoulder or was on the highway at the time he was struck is conflicting. It is plaintiff's theory that the deceased was struck while on the west shoulder. Defendant contends that the deceased ran in front of his car and was struck on the highway. The witness Pierce testified that when he crossed the highway the deceased was making a snowball on the west shoulder, that after crossing the highway he turned around and saw plaintiff's intestate fall off the fender of the defendant's car. This witness further stated that after the impact the deceased was lying in the middle of the highway near the centerline. Robert Braun, a Deputy Sheriff of Winnebago county, testified that immediately after the accident he went to the scene and the witness Pierce told him that he had run across the road from the west to the east and upon reaching the opposite side of the road he turned around and saw the deceased coming out of a ditch preparing to run across the road. Witness Braun further quoted Pierce as stating that the deceased had been making a snowball and as the deceased came out of the ditch he ran into the path of the southbound vehicle and was struck by the vehicle. One witness testified that after the collision there was blood on the west shoulder of the

188

highway and from this plaintiff infers and argues that this is evidence that the plaintiff was struck while on the west shoulder.

■ ■ After a careful review and examination of the record before us, we conclude that there was sufficient and ample evidence to justify submission of the case to the jury. The court properly refused the motion of the plaintiff for a directed verdict at the close of all the evidence; nor could the verdict, under the facts, be deemed to be contrary to the manifest weight of the evidence.

There is no merit in plaintiff's contention that prejudicial remarks were made by counsel for defendant in final argument. We have examined the remarks in question and conclude they were not prejudicial. Further the trial court sustained plaintiff's objection to the remarks under consideration.

■ We further find no error in the giving of defendant's instructions 10 and 12. There were twelve instructions given in behalf of the plaintiff and fourteen instructions given in behalf of the defendant. We have examined all of these instructions and considering them as a series we are of the opinion that the jury was accurately and comprehensively instructed concerning the law to govern them in their deliberations of the issues in this case.

The plaintiff contends that under the first count of his complaint, based upon general negligence, and the defendant's general denial of the allegations, that the burden was upon the defendant to introduce evidence to meet the proofs offered by the plaintiff. Plaintiff cites in support thereof Pearlman v. W. O. King Lumber Co., 302 Ill. App. 190, 23 N.E.2d 826, in which case defendant's car struck a parked and unattended car. In the Pearlman case, supra, the court reversed a verdict and judgment for the defendants for improper instructions and by way of dictum dis-

189

cussed, without labeling as such, the doctrine of res ipsa loquitur. The court, in the Pearlman case, supra, at page 828 of 23 N.E.2d stated:

"While it is a general rule that the mere happening of an accident, together with the exercise of ordinary care by the plaintiff, does not, alone, raise the presumption of negligence, yet, as pointed out in Barnes v. Danville Street Ry. & Light Co., 235 Ill. 566, 573, 85 N. E. 921, 126 Am. St. Rep. 237, the presumption of negligence does arise where the accident is shown to proceed from an act of such a character that when due care is taken in its performance no injury ordinarily results from it, or where it is caused by the mismanagement of a thing over which the defendant has control."

The facts in the Pearlman case are in no way whatsoever analogous to the facts in the case at bar. In the Pearlman case, plaintiff's automobile was parked and unattended. In the case at bar, the deceased was a pedestrian and his action or lack of action prior to the collision, involved a question of his due care which is a question of fact that was properly submitted to the jury.

It is clearly the law in cases involving facts as in the case now before us that the doctrine of res ipsa loquitur does not apply, where defendant would be required to come forward with evidence to meet a prima facie case made out by the plaintiff. Roberts v. City of Rockford, 296 Ill. App. 469, 16 N.E.2d 568. In the Roberts case, a six year old child ran suddenly in front of a moving car and was killed. Judgment was entered for the defendant driver. On appeal it was contended that the judgment was against the manifest weight of the evidence. What this court stated in the Roberts case applies with equal force and effect to the case now before us. The rule was aptly stated at pages 472–473 of 296 Ill. App. and page 569 of 16 N.E.2d, as follows:

"A frequent source of accidents arise in cases where children, in response to their childish impulses, attempt to run across a street in front of approaching traffic, when there is neither time nor space enough to enable them to cross or to enable the driver of motor vehicles to avoid running into them. The fact that such an accident occurs, should not of itself create an inference of negligence on the part of the driver, since the fact is just as consistent with the conclusion that the injury took place through the indiscretion of the child as through the negligence of the driver. In such cases to justify a recovery, there must be evidence of negligence, furnished by the testimony of eye witnesses, or fairly deducible from the circumstances under which the accident took place. Where a driver appears to have been proceeding in his own traffic lane and in a lawful and orderly manner, he should not be held liable for injuries received by a child who suddenly runs in front of the machine so that the driver is powerless to avoid the injury."

For the reasons herein stated, we find that the judgment of the Circuit Court of Winnebago county should be and the same is hereby affirmed.

Judgment affirmed.

CROW, P. J. and SOLFISBURG, J., concur.