Norman Nagelmiller, Individually, and as Administrator of the Estate of Debra Nagelmiller, Deceased, Plaintiff-Appellee, v. Frank Seibel, Defendant-Appellant.

Gen. No. 11,801.

Third District.

March 26, 1964.

Ferguson & Lefstein, of Rock Island (Dale Ferguson and Stuart R. Lefstein, of counsel), for appellant.

Graham, Califf, Harper, and Benson & Railsback, all of Moline (Robert G. Graham, of counsel), for appellee.

CULBERTSON, P. J.

This is an appeal from a judgment of the Circuit Court of Rock Island County, based upon a verdict for $12,000 in a wrongful death action. The action was brought by plaintiff, Norman Nagelmiller, as administrator, by reason of the wrongful death of his minor child as the result of alleged negligence of defendant, Frank Seibel. On appeal in this Court it is the position of defendant that the record shows that he was not guilty of negligence, as a matter of law; that the Trial Court committed prejudicial error in the giving of instructions to the jury and in the admission of certain evidence.

The fatal injuries were sustained on April 27, 1961, at about 3:30 p. m., on Fourth Avenue, in Moline, Illinois. The defendant, Frank Seibel, was driving his automobile west along the avenue in his right-hand lane of traffic, at a speed, so far as specifically shown by the record (although there was physical evidence of tire marks introduced which may have tended to show a greater speed), of between 30 and 35 miles per hour. The street was 36 feet wide, and there were cars parked on both sides of the street at the scene of the accident, which left two lanes for moving traffic, one eastbound and one westbound. In the middle of a block on Fourth Avenue, between 24th and 25th streets, the deceased, Debra Nagelmiller, six years of age, either ran across the avenue from the south from behind a parked car, or north across the avenue from behind a car traveling east. The record shows that she was last seen standing off the curb, in the avenue. There was some evidence to the effect that the child did not run from the south to the north, and that she was in full view of any automobile coming from the east, going west, as was the defendant, and that she would not be obscured from the view of such persons. The child had just come from school about two blocks to the southwest and had been playing with several children in the middle of the block. Defendant Seibel customarily drove along this route and past the school, and had driven past the neighborhood and the scene of the accident for many years, and had seen children playing, but on the afternoon of the accident he apparently did not notice children in the area. The child was dressed in a bright blue skirt and a bright red sweater.

The evidence showed that defendant applied his brakes when he saw the child running into the path of his car near the center of the avenue, about a car-length away. Defendant asserted he did not see her sooner because she emerged from behind another auto-

mobile which blocked his vision. The driver of another automobile, by her testimony, indicated that the child should have been in full view of defendant. The defendant's automobile was in the right-hand lane at all times referred to. Plaintiff's intestate was killed as the result of the impact.

The route which defendant took in traveling to the point of impact entered in and along an area where the posted speed limit was 35 miles per hour up to a point referred to as the east end of a park. The last posted sign of 35 miles per hour was at the west end of the park at the beginning of a curve to the west and to the south, to Fifth Avenue. From that point to the point of the collision three blocks west on Fourth Avenue, the neighborhood on both sides of the street is business and residential. There were no specific posted speed limits noted on the street in that area, of any kind. The accident occurred within the municipal limits of the City of Moline.

■ ■ A person operating a motor vehicle along the streets of a city must recognize the fact that children would be found playing in the street and may sometimes attempt to cross the street, unmindful of its dangers. Under such circumstances the driver owes the children the duty of reasonable and ordinary care (Morrison v. Flowers, 308 Ill 189, 196, 139 NE 10; Stowers v. Carp, 29 Ill App2d 52, 64–65, 172 NE2d 370). Whether the driver's conduct under such condition measures up to the standard of an ordinarily prudent person and whether he is guilty of lack of due care, are ordinarily questions of fact for a jury to decide (Stowers v. Carp, supra). Under the facts before us the jury may well have concluded that defendant failed to maintain a proper lookout for the child, and the determination of such negligence by the jury justified the denial of the motion for judgment notwithstanding the verdict; and under the facts before us, likewise, justified the denial of a new trial

42

since the verdict was not against the manifest weight of the evidence.

■ ■ A great deal of emphasis is placed upon the question of speed, as it relates to the specific posted limits, or the speed limit of 30 miles per hour which was specifically provided in a traffic ordinance of the City of Moline where a street passes through a residential or business district. Such ordinance contained language to the effect if the rate of speed exceeds the posted limit that such rate of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the way, etc. In this connection an instruction quoted the ordinance but omitted the reference to exceeding the posted limit, so that the only limits referred to in the instruction referred to the 30 miles per hour speed limit and recited in the words of the ordinance referred to herein. The instruction follows the IPI 60.01 form and recites that if the jury decide that the defendant violated the ordinance then it may consider that fact, together with all other facts and circumstances in evidence in determining whether or not defendant was negligent before and at the time of the occurrence. It is proper to delete those parts of an ordinance from an instruction which have no applicability to the facts. There was no specific evidence which clearly determined that there was a posted speed limit at the point of the accident. A tendered instruction by defendant, in fact, covered the same type of instruction including only the omitted language. No objection was made by the defendant to the inclusion of the words "prima facie" in the conference on instructions, and under the state of the record before us we find no reversible error in the inclusion of the instruction referred to.

There was substantial evidence of speed on part of defendant which was contradicted by evidence pro-

duced by defendant, but the conclusion of the jury on this issue, if this was in fact a basis for a finding of negligence, would be conclusive as to the facts on the record.

█ █ On appeal in this Court defendant objects to the introduction in evidence of a photograph of the deceased child on the ground that this failed to throw any light on the issues, and was calculated simply to arouse sympathy or prejudice. Plaintiff contends in support of the photograph, that it had probative value in determining pecuniary injuries in that it would tend to show the brightness, intelligence, alertness, and health of the child at the time of her death. The jury was instructed that health and intelligence were factors which could be considered in determining pecuniary injuries, and that same must be based upon evidence and not upon speculation, conjecture, or sympathy, or prejudice. If a photograph has any reasonable tendency to prove some material fact the issue as to its admission would be properly within the discretion of the Trial Court (Brownlie v. Brownlie, 357 Ill 117, 124, 191 NE 268), and if a photograph is otherwise relative to the issue, the mere fact that it would have a tendency to prejudice the jury would not be sufficient to justify its exclusion (Pitrowski v. New York, C. & St. L. Ry. Co., 6 Ill App2d 495, 499, 128 NE2d 577). We therefore conclude that there was no reversible error in the introduction of the photograph.

█ Prior to the trial of the case an interrogatory was submitted to the plaintiff, requesting that the plaintiff state the name and address of any person or witness known to him or his attorneys, who "witnessed the actual accident." At the trial two witnesses who were not named in response to such interrogatory, were called as witnesses by the plaintiff. They were not known to plaintiff or his attorneys at the time such answer was filed. They were husband and wife, residing in a home adjacent to the accident scene.

44

The first witness called was the wife and her testimony was objected to on the ground that her name was not revealed prior to trial in response to the interrogatory. The Court overruled the objection. Thereafter the husband was called to testify but no objection was made to his testimony. The wife referred to, who testified over objection, stated she first saw the child after the accident, lying in the street. She stated, "you know, she was on the street, but her body was not still." Her husband, who testified without objection, testified to the fact of hearing the thud of the accident and seeing the child's head crushed up against the hood of the car, and bouncing on the street. It is difficult from the testimony of the wife to determine whether or not her testimony made her an occurrence witness in the strict sense, since she said, affirmatively, she first saw her after the accident, lying in the street. In any event, any testimony of the lady, which would be in the category of occurrence testimony, was simply cumulative and had been corroborated by other witnesses whose testimony was not objected to (Granger v. Turley, 20 Ill App2d 488, 490–491, 156 NE2d 610). There was, therefore, no reversible error in allowing her testimony.

The defendant makes a general reference to minor errors in connection with the trial of the cause which are recognizably not significant, but contends that the cumulative effect of these errors deprived defendant of a fair trial. We have examined the record and feel that such errors as had any substance were of such minor character so as not to effect either the conclusion of the jury or the net result in the case. We find no reversible error in this cause. The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.