Mary Jenkins, a Minor, by Lorraine Jenkins, Her Mother and Next Friend, Plaintiff-Appellant, v. Pearl Hechtman, Defendant-Appellee.

Gen. No. 50,865.

First District, First Division.

May 1, 1967.

Rosenbaum & Rosenbaum and Lester E. Williams, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Robert O. Rooney and Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff, Mary Jenkins, a minor, age 5 at the time of the accident, by her mother and next friend Lorraine Jenkins, filed this complaint for personal injuries. The complaint alleges that the defendant while driving her motor vehicle struck plaintiff causing severe injury to her head. The child suffered a depressed frontal skull fracture with a fragment of the skull bone pushed into

the surface of the brain. A verdict of "not guilty" was returned by the jury upon which judgment was entered. Plaintiff's post-trial motion for a new trial, or in the alternative, judgment notwithstanding the verdict, was denied. Plaintiff appeals from the judgment and the denial of the post-trial motions.

On April 19, 1961, in the forenoon, Mary Jenkins and her two-year-old brother Don were taken by their older married brother, Gene Andrew Jenkins, age 26, to Humboldt Park across the street from the children's home. At about 11:30 a. m., they started to return to the children's home, located at the Northwest corner of Kedzie Avenue and Haddon Street. The accident occurred on Kedzie Avenue, a North-South thoroughfare, immediately North of Haddon Street, an East-West street which dead-ends on the East at Kedzie Avenue. Humboldt Park is located on the East side of Kedzie Avenue. There was a crosswalk across Kedzie Avenue from East to West parallel to and immediately North of Haddon Street.

Pearl Hechtman, the defendant, was driving North on the right side of Kedzie Avenue, approaching Haddon Street. She testified that she was a truant officer; drove an automobile for 11 years; the car she drove was four months old with new tires and brakes; that at the time of the accident she was driving 25 miles per hour; that there were automobiles parked along the East side of Kedzie Avenue; that the plaintiff came out between two parked cars; that the defendant could see a young man's head at the curb and heard "like he yelled to her"; that defendant was three car lengths South of the crosswalk when she first saw plaintiff; that the plaintiff turned, looked at her brother and then ran and fell on the pavement of the street; that defendant's car did not come in contact with the plaintiff; and that defendant put her brakes on and swerved toward Haddon Street leaving skid marks.

Gene Andrew Jenkins testified that as he and his little brother and sister arrived at the corner of Haddon Street and Kedzie Avenue, he was holding on to the hands of both children. Don, the two-year-old, began tugging at his hand, wanting to sit down and be picked up. Gene let go of plaintiff's hand and turned to pick up his little brother. At that point he noticed defendant's car about 50 feet away from the North crosswalk of Haddon Street. There were no parked cars near the crosswalk, the closest parked car being 50 feet to the South. Defendant was traveling 35 to 40 miles per hour. Gene turned to pick up his little brother. When he turned back, plaintiff was 4 or 5 feet into the street. She was immediately hit by defendant's car. Gene further testified that he did not holler at his sister until after she was hit by the car. The witness did admit that the first thing defendant said to him when she got out of her car and what she kept telling him was that "she did not hit that girl."

There was conflicting testimony as to whether there were cars parked along the East curb of Kedzie Avenue and whether the plaintiff ran out from between parked cars. Another witness, Carol Patricia Jenkins, wife of Gene Andrew Jenkins, who lived across the street on the West side of Kedzie Avenue testified that there was no parked cars on the East side of Kedzie Avenue. The report of Joseph Halicka, the police officer who investigated about an hour after the accident, showed there were cars parked, but his report was based on information he received from Pearl Hechtman. Plaintiff's mother and brother, Gene, also testified that plaintiff was wearing a bright red sweater on the day of the accident. Defendant did not recall any bright red clothing. She testified that plaintiff was wearing dark clothes.

Plaintiff claims the verdict was contrary to the manifest weight of the evidence and error on the part of the trial court for excluding evidence of the defendant's

■■■■■■■■■■■■■■■■■■■

stopping ability and the results of a test the police officer made of defendant's automobile shortly after the accident.

■■■ The plaintiff's argument that the jury verdict of not guilty is against the manifest weight of the evidence is based on the theory that it was physically impossible for defendant to stop and avoid hitting the child because the skid marks belie defendant's testimony as to how fast she was going. According to her own testimony, when she first saw the child, she was only three car lengths away. This theory of impossibility was fully argued to the jury. This court is not the judge of credibility of the witnesses, the weight of the evidence, nor is it to determine the preponderance. Rodgers v. Meyers & Smith, Inc., 57 Ill App2d 200, 206 NE2d 845 (1965). As a court of review we considered the fact that the trial judge after seeing and hearing the witnesses and arguments of counsel, denied a motion for a new trial. Green v. Smith, 59 Ill App2d 279, 207 NE2d 169 (1965); Mokrzycki v. Olson Rug Co., 28 Ill App2d 117, 170 NE2d 635 (1960).

■■ Having reviewed the record, we feel that there is sufficient evidence to support the verdict of the jury. We do not find that a conclusion opposite to that reached by the jury is clearly evident, plain or indisputable, as we must, to reverse the jury's verdict. Black v. DeWitt, 55 Ill App2d 220, 204 NE2d 820 (1965); Bibby v. Meyer, 60 Ill App2d 156, 208 NE2d 367 (1965). Nor do we find that the jury verdict is palpably erroneous and wholly unsupported by the manifest weight of the evidence. Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347 (1961).

While the evidence as to whether there was contact between the child and defendant's car and whether the child stepped out into the street from between two parked cars is in conflict, it is apparent that the jury

disbelieved the testimony on behalf of the plaintiff and did believe the testimony of the defendant.

■ A fair reading of the testimony discloses that the injured child broke away from her older brother's grip and stepped out from between two parked cars into Kedzie Avenue. Defendant, upon seeing the child, applied the brakes and swerved to avoid striking her. The injury to the child was the aforementioned skull fracture. There were no other cuts, bruises or other indications that the defendant's car came in contact with the child. Under the principles of law in Brannen v. Fisher, 57 Ill App2d 64, 206 NE2d 458 (1965); Copeland v. Johnson, 63 Ill App2d 361, 211 NE2d 387 (1965); Piechalak v. Liberty Trucking Co., 58 Ill App2d 289, 208 NE2d 379 (1965) and Roberts v. City of Rockford, 296 Ill App 465, 16 NE2d 568 (1938), and under the facts of this case we feel that a conclusion opposite to that reached by the jury is neither clearly evident nor so palpably erroneous or unwarranted by the manifest weight of the evidence.

■ Plaintiff also urges that the trial court erred in sustaining the objection to the question relating to defendant's stopping ability basing her contentions on Barrows v. Midwest Transfer Co., 4 Ill App2d 191, 124 NE2d 20 (1955). The trial court sustained defendant's objection to the following question asked of the defendant. "Going 25 miles per hour with the kind of brakes you had and tires in what distance could you stop?" A careful reading of the Barrows decision indicates that the judgment of the trial court was reversed and cause remanded for several reasons stated therein. While the Appellate Court in the Barrows case did say that cross-examination of the plaintiff with respect to the distance within which his automobile could have been stopped was admissible, there was no question in that case that plaintiff and defendant collided. In the instant

case there is no convincing evidence that plaintiff was struck by the defendant's automobile. However, even if it was error to refuse to permit the question to be answered, "a verdict will not be reversed, even though there is error in the record, where the result is fair and just, where the error did not affect the result, or where the result would most likely be the same." Shafer v. Northside Inn, Inc., 44 Ill App2d 86, 194 NE2d 5 (1963); Adamaitis v. Hesser, 56 Ill App2d 349, 206 NE2d 311 (1965).

██ Plaintiff also claims that it was error for the court to refuse to permit plaintiff to introduce testimony by the police officer of stopping tests he conducted with the plaintiff after the accident. Defendant's car was 4 months old. There is no claim that the condition of the car was faulty or that it contributed in any manner to this accident. The police officer who tested the car after the accident testified that the condition of the brakes was very good. Such tests are usually used to show a defective condition in the car. Thus it was proper for the trial judge in the exercise of his discretion to exclude such evidence.

██ The final error asserted by plaintiff was permitting the defense to show that the policeman's report stated that there were parked cars along the East side of Kedzie Avenue. The officer had stated on direct examination: "When I arrived there, I found nothing at the scene." On cross-examination the officer denied noticing the condition of parked cars along the East side of Kedzie Avenue. The policeman's report which was marked for identification, but never offered into evidence, was then used to impeach the officer. We find no error in such procedure. Black v. DeWitt, 55 Ill App 2d 220, 204 NE2d 820 (1965).

The plaintiff further claims that the trial court breached its special duty to the minor to see that her

rights were adequately protected and the court is bound to notice substantial irregularities even though objections are not properly presented on behalf of the minor. This is the so called Muscarello doctrine. Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564 (1960). Plaintiff does not point to any errors that were made to which no objection was made. In our opinion the Muscarello doctrine has no application here.

The judgment in favor of the defendant is proper, the trial judge having heard the evidence was justified in his ruling denying the post trial motions. Judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.