**Gertrude Kane, Plaintiff-Appellee, v. Yellow Cab Company, a Corporation, Defendant-Appellant.**

**Gen. No. 51,094.**

First District, First Division.

June 12, 1967.

Jesmer & Harris and Michael A. Gerrard and Allen S. Gerrard, of Chicago (Michael A. Gerrard and Allen S. Gerrard, of counsel), for appellant.

James A. Dooley, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff brought this action to recover for personal injuries she sustained while riding as a passenger in

defendant's cab, being driven by its driver, Paul F. Conrow. At the close of all the evidence, plaintiff dismissed Conrow as a defendant. The jury returned a verdict of guilty as to the defendant Yellow Cab Company, damages were assessed in the amount of $12,000, and judgment was entered thereon. The defendant's post-trial motion for judgment notwithstanding the verdict or in the alternative, a new trial, was denied and defendant appeals. No questions are raised on the pleading.

On October 1, 1957, at about 8:30 p. m., plaintiff boarded defendant's cab in front of the Bismarck Hotel, located on Randolph near Wells Street, in Chicago, Illinois. She informed the driver of her destination in Oak Park, Illinois, and the cab proceeded West on Randolph Street. It was dark so plaintiff just looked at the headlines of a newspaper she had in her lap. She then closed her eyes but did not go to sleep. As the cab approached Aberdeen Street, she heard a fire engine siren. She looked up to see where the fire engine was going. She observed the cab passing a standing car and then saw a car directly in front of the cab. The next thing plaintiff knew was that she was on the floor of the cab and she heard an impact in the front of the cab. She was thrown up and back about five times. After the impact she felt the cab move backward but was not sure. Plaintiff experienced a terrible pain in her arm from the back of the left shoulder all the way down the left arm to her thumb. She was taken by the cabdriver to the Presbyterian Hospital. She had also bumped her head against the seat and there was some swelling. X rays taken at the hospital revealed a fracture of the cervical neck of the humerus (upper arm).

The driver of a vehicle which was also Westbound on Randolph Street, John Richmond, corroborated plaintiff's testimony. About one block before Aberdeen Street, the taxicab in which plaintiff was riding pulled into the same lane and in front of Richmond. There

was another car in front of the cab. As the sound of the siren was heard, the first car stopped. The taxicab hit the rear of that car. Upon colliding with the car in front, the cab immediately backed up and hit the front end of Richmond's car. Photographs admitted into evidence revealed a small dent in Richmond's car, just above the radiator. There was no damage to the front end or back of the cab.

The cabdriver's version of how the accident occurred was entirely different. He admitted that plaintiff became his passenger at the Bismarck Hotel and that he proceeded West on Randolph Street toward Oak Park, traveling at about 20 to 25 miles per hour. When he was about 140 feet from the intersection of Randolph and Aberdeen he heard a siren. The cabdriver released his foot from the gas pedal. He admitted having seen a car about 3/4 of a block in front of him, but his car was no longer visible as he began to slow down. He did not know if there were any cars behind him. At about 40 feet from Aberdeen Street, the driver observed a fire engine Northbound on Aberdeen Street. He applied his brakes and slowed down to two or three miles per hour, and was 12 to 15 feet from the corner. He was then bumped in the rear but not too hard, "just a bump, ordinary bump." The cab moved two or three inches but did not come in contact with anything in front of it.

After the "bumping" the cabdriver got out and opened the left rear door. Plaintiff was "crumpled on the seat, partially on the floor." He asked her if she was hurt and she answered she did not know. The cabdriver exchanged information with the driver of the car behind him and then drove plaintiff to the hospital.

■ Defendant's first argument is that the verdict of the jury is against the manifest weight of the evidence. It asserts that the testimony of both plaintiff and Richmond is incredible and not to be given any weight. This court is not a judge of the credibility nor does it weigh

the evidence. Jenkins v. Hechtman, 83 Ill App2d 72, 226 NE2d 383. The jury heard the evidence and chose to believe the plaintiff's version of how the accident occurred.

■ Defendant attempted to impeach plaintiff by showing that on a prior occasion she said the cab was hit from behind. The jury was properly instructed on the effect to be given impeachment testimony. Even considering the impeachment testimony, we cannot say the jury verdict is palpably erroneous or unsupported by the manifest weight of the evidence. Jenkins v. Hechtman, supra.

■ The next point argued by defendant is that the action of the cabdriver was not the proximate cause of the accident. This entire argument is based on the assumption that the accident occurred by the cab striking the vehicle in front of it. This is what caused plaintiff to be thrown off of the seat and strike her arm against something in the cab. The question of causation was properly submitted to the jury and we do not find any error in their verdict.

The last point raised by defendant is that the court refused to give an instruction tendered by defendant. The instruction dealt with the negligence of a third party or outside agency. We have examined the record and find that the precise language requested by defendant was given to the jury as part of another instruction.

The verdict in favor of plaintiff was proper and the trial judge was justified in entering judgment on the verdict and denying the post trial motion.

Judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.