Nancy LEONTEOS, a minor, by Theodore
Leonteos, her father and next friend,
Plaintiff-Appellant,

v.

Mary HAASE and Charles Haase,
Defendants-Appellees.

No. 16889.

United States Court of Appeals
Seventh Circuit.

May 13, 1969.

John A. Doyle, Joseph Lederleitner, Doyle, Budzinski & Brogan, Chicago, Ill., for plaintiff-appellant.

Alvin G. Hubbard, Frederick W. Temple, Hubbard, Hubbard, O'Brien & Hall, Chicago, Ill., for defendants-appellees; Alvin G. Hubbard, George S. Miller, Frederick W. Temple, Chicago, Ill., of counsel.

Before DUFFY and HASTINGS, Senior Circuit Judges, and SWYGERT, Circuit Judge.

HASTINGS, Senior Circuit Judge.

Nancy Leonteos (plaintiff), a six-year old female child, brought this diversity action by Theodore Leonteos, her father and next friend, against Mary Haase (defendant) and her father Charles Haase. Plaintiff sought recovery of damages for personal injuries resulting from her physical contact with an automobile alleged to have been negligently driven by defendant.

Following a trial by jury, a verdict was returned favorable to defendants and judgment was entered thereon. Plaintiff appealed.

Plaintiff charges prejudicial error arising from the cross-examination of two witnesses, closing argument by defendants' attorney and certain jury instructions. Plaintiff also contends the verdict is not supported by the manifest weight of the evidence and complains of the denial of her motion for directed verdict and post-trial motions.

█ Viewing the evidence in the light most favorable to defendants, together with all inferences reasonably to be drawn, therefrom, as we are required to do on this appeal, and considering other facts not in dispute, the jury could have found the following to be true.

The accident in question happened on October 31, 1964, shortly before noon, in the village of Wheeling, Cook County, Illinois. The place was at the intersection of North Dennis Road and Elmhurst Road. At that place Elmhurst Road was a two-lane public street running in a northerly and southerly direction. North Dennis Road was a two-lane east-west public street which entered Elmhurst Road from the east where it dead ends to form a T-intersection. Dennis did not continue west of Elmhurst. Both streets were paved with blacktop material. The weather was clear and the pavements were dry.

At such time and place, defendant Mary Haase was driving her father's Anglia car from a nearby shopping center. She was seventeen years of age and properly licensed to drive. It was stipulated she was driving as the agent of her father. An Anglia is a foreign car, smaller than standard. In the car were defendant's sister Peggy, age 15, and two girl friends, Robin Craven and Linda

Knudtson. Defendant drove north in the northbound lane of Elmhurst, and the occupants were engaged in conversation. There was nothing to obstruct her view as she approached Dennis.

At the same time, the six-year old plaintiff, together with her sister Kim, age 8, and girl friend Terry Abajian, age 8, were walking together. They were dressed in Halloween costumes and holding hands. They were walking west from the east side of Elmhurst starting to cross Elmhurst between the lines of the east-west crosswalk running from the south side of Dennis. Kim was in the middle, Terry was on her left (south side) and plaintiff was on Kim's right (north side).

Defendant was driving approximately 30 to 35 miles per hour [1] and was about one block south of the three children when she first saw them as they started to cross from the east curb. She applied her brakes and kept them applied until she saw the children return to the curb. She never accelerated the car again before the accident. She had downshifted from fourth to third to second gear in this period of time and had reduced her speed to about 10 m.p.h. She released her foot brake but did not remove her foot from it. Suddenly plaintiff broke her hand loose from Kim's hand and darted in front of defendant's car. Defendant "slammed on" her brakes and turned her car to her left (away from the child) but was unable to stop before colliding with plaintiff. The right side of the right front fender or bumper came in contact with plaintiff, who sustained painful injuries. Defendant's car came to a complete stop about 10 feet from the point of impact. It left skid marks for a distance of 19 feet 8½ inches.

Defendant was given a traffic ticket by a local police officer for failure to yield the right of way to a pedestrian. From her home in Indiana, she paid her fine of $10 by mail as the traffic court judge advised her by letter that she could do.

The evidence of the occurrence was given by the three little girls; the four older girls in defendant's car; an eyewitness Wolff who was driving a car south on Elmhurst approaching the scene of the accident; an eyewitness Hertzner who was waiting in his car to leave the shopping center and was facing toward the scene; an eyewitness pedestrian O'Reilley who was across the street and either a half block or a block away. A Wheeling police officer Conte came to the scene, took short statements from Wolff, O'Reilley and defendant and filed an accident report.

Other witnesses were concerned with plaintiff's injuries, the nature and extent of which are not in dispute on this appeal.

As is often the case with testimony concerning an automobile accident, the evidence here in several respects is in sharp dispute and rather hotly contested. The testimony of the eyewitness motorist Wolff is a case in point.

At the scene of the accident, Wolff gave *his own handwritten signed statement* to police officer Conte:

> "I was going So on 83 [2] when I saw 3 children standing waiting to cross 83 as this car approached the 3 children 1 darted in front of her car in a state of confusion. I saw one girl try to grab her but it was too late." [3]

About one month later, on November 20, 1964, Wolff gave a signed handwritten report to defendant's insurance representatives. In this statement, among other things, he said:

> "* * * On Oct. 31, 1964 at about 11:15–11:30 AM it [I] was traveling South on route 83 and had just crossed Dundee Rd., and was approaching a side st. As I approached this side st.

---

1. Speed limit of 35 m. p. h. was posted on Elmhurst.

2. Elmhurst Road was also designated as Route 83.

3. A part of plaintiff's exhibit 6, the police officer's report.

I noticed 3 young children standing on the east side of Rt 83 apprentally waiting to cross the street. I also noticed a car approaching me & traveling north on 83. * * * I was about 75 feet north of these 3 children as the car from the South going north approached them. This car upon seeing these children started to slow down. When the car got to within 10 feet of these children, one of the girls ran out into the street. She did not start out slow but started out at a run. When the child did this, the car driven by a Mary Haase [the defendant] about 17 yrs old, applied her brakes and started to skid. However she could not stop in time & the right front bumper near the right front headlight, I would estimate the speed of Miss Haase's car at the impact to be about 10 m.p.h. Due to the impact the child was knocked about 5-7 feet north of the point of impact. The child got right up and started to run in circles. I stopped my car right away & got out & went over to the girl and made her lay down. When the child darted out into the street, her two companions grabbed at her in order to stop her but they missed her. * * * I gave the police my name & also a statement & then was allowed to leave. * * * In my opinion, the driver of the car, Miss Haase, was driving normally & using caution upon approaching the 3 children, however the child ran out in front of her car from a very short distance that she could not have stopped her car under any conditions. The point of impact was about 5 feet west of the east side or edge of Rt 83. The car stopped at the moment of impact because had she not, she would have run over the child. I have read the above report & it is true & correct to my best knowledge & belief." [4]

At trial, as a witness for plaintiff, Wolff gave testimony that was contradictory of his two prior written statements concerning the actions of the plaintiff child and the conduct of the defendant in operating the automobile. On cross-examination Wolff admitted making his prior written statements.

■ Plaintiff charges the trial court erred in admitting Wolff's testimony on cross-examination, over objection, concerning his prior written statements describing defendant's operation of the automobile. This is grounded on the claim that Wolff's statement was his conclusion as to an ultimate issue in the case, i. e., the driver's exercise of caution. The court admitted the testimony on the ground that it was proper cross-examination in that it was permissible to show the witness' inconsistent statements. It is clear this is proper for purposes of impeachment, if for no other reason. Atlantic Greyhound Corporation v. Eddins, 4 Cir., 177 F.2d 954, 957-958 (1949); Osaka Shosen Kaisha, Ltd. v. The Elene, D.C.Md., 190 F.Supp. 201, 202-203 (1961), modified, 4 Cir., 301 F. 2d 59. We find no prejudicial error in this ruling.

Plaintiff's first witness was police officer Conte. He described the physical features of the scene of the accident, including the place on the pavement where plaintiff was then lying. On cross-examination the court, over objection, permitted inquiry as to whether the witness knew the location of the point of impact or whether the child had been moved before he arrived. He answered that he only knew what he had been told by others. Plaintiff had the police accident report identified as her exhibit 6. The witness had read it over shortly before testifying and had it in mind and even read from part of it during his direct examination. He had written on his report: "I received conflicting reports from the two eye-witnesses as to whether or not the car in fact hit the girl or that the girl ran into the car."

Conte testified concerning the location and length of the skid marks, the stopping distances required by an auto-

---

4. Defendant's exhibit 4.

mobile at various speeds and his familiarity concerning such matters. His report shows he arrested defendant on the charge, "Fail to use due caution with child on roadway (Sec. 75–D)."

■ Defendant sought to cross-examine Conte on many of these questions. Plaintiff objected to most of these inquiries. The trial court limited the inquiries in many respects and sustained many of plaintiff's objections. We have examined the transcript and are satisfied that the inquiries allowed were within the rules of proper cross-examination. The police accident report was first put in issue by plaintiff's identification of it and Conte's reference to it. The inquiry permitted by the trial court properly tested the witness on the contents of his report and his oral testimony.

■ Plaintiff charges prejudicial error in the trial court's giving two instructions to the jury and in its refusal to give two others. The two given were standard approved instructions in federal cases and we find they were properly given. The two refused related to contributory negligence on the part of the parents of plaintiff. There was no evidence on that score and the question of contributory negligence was not in the case. There was no error in refusing such tendered instructions.

We have examined plaintiff's charge of improper closing argument to the jury by defendant's attorney. It is without merit.

Finally, plaintiff contends that the verdict is against the overwhelming weight of the evidence and that the trial court erred in denying plaintiff's motion for a directed verdict.

■ We cannot say the jury verdict for the defendant was against the overwhelming weight of the evidence or against the manifest weight of the evidence. We are compelled to reiterate that in our review of the record we must consider it, with all reasonable inferences to be drawn therefrom, in the light most favorable to defendant, the prevailing party. The theories of the parties on the cause of the accident are in direct opposition. There was evidence to support either view. This was a jury question. The jury obviously chose to credit and believe defendant's witnesses and to reject plaintiff's contrary evidence. We cannot try the case *de novo*. The jury has spoken and was within its province to speak as it did. We shall not reverse on this ground.

■■ The remaining aspect of the prejudicial charge concerns the duty of a motorist toward a known child pedestrian under Illinois law. As we read the applicable law in the child-motorist cases, the reasonable man standard governs. We find no authority here equating a motorist's liability to an infant with strict liability. This is succinctly stated in Illinois Law and Practice:

"The operator of a motor vehicle is required to exercise ordinary or reasonable care to avoid injuring children on or near the street or highway. The driver * * * must recognize that children sometimes attempt to cross the street unmindful of its dangers.

"Hence, the driver must maintain a proper lookout for children, give sufficient warning of his approach, and keep his vehicle *under such control as to enable him, in the exercise of ordinary care, to avoid injuring them.*" (Emphasis supplied.) 4 I.L.P. Automobiles and Motor Vehicles § 124.

■ Whether a motorist has exercised ordinary or reasonable care under the foregoing Illinois standard is properly a question of fact for the jury to determine.

In a recent infant pedestrian case, the Illinois Appellate Court stated: "* * * the driver owes the children the duty of reasonable and ordinary care * * *. Whether the driver's conduct under such condition measures up to the standard of an ordinarily prudent person and whether he is guilty of lack of due care, are ordinarily questions of fact for a jury to decide." Nagelmiller v.

Seibel, 47 Ill.App.2d 39, 197 N.E.2d 457 (1964).

Of interest is the case of Pope v. Rose, 14 Ill.App.2d 106, 142 N.E.2d 829 (1957), in a reported abstract of an unpublished opinion. There, the court held a reasonable motorist might be required, in exercising due care for the safety of children, to bring his automobile to a stop when he could reasonably anticipate that a child might run into the street in front of his car.

 Whether a motorist, in the exercise of reasonable care, should bring his car to a complete stop is properly a question for the jury. For a jury to find that, under a given set of circumstances, a reasonable man would bring his automobile to a stop, does not mean or imply that under all circumstances a motorist is to be held to strict liability to an infant plaintiff when he fails to stop.

In Piechalak v. Liberty Trucking Co., 58 Ill.App.2d 289, 208 N.E.2d 379 (1965), the court stated that under Illinois law the fact that a vehicle strikes a child does not in and of itself create an inference of negligence on the part of the driver. There the injured child was 9 years old and the contention was made that the jury verdict was contrary to the weight of the evidence.

A more recent holding affirmed a verdict against a 5-year old child injured by an automobile, when the child darted between parked cars into traffic. The contention was made that the verdict was against the manifest weight of the evidence. Jenkins v. Hechtman, 83 Ill. App.2d 72, 226 N.E.2d 383 (1967). See, Roberts v. City of Rockford, 296 Ill.App. 469, 16 N.E.2d 568 (1938).

 Illinois has a general statute pertaining to the rights of pedestrians. Section 172(c), S.H.A. ch. 95½, § 172(c), provides in material part: "Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian * * * and shall give warning by sounding the horn when necessary and *shall exercise proper precaution upon observing any child * * *.*" (Emphasis added.) We find no imposition of strict liability here, but rather the duty of reasonable care.

In the instant case the evidence was inconclusive on whether defendant sounded the horn. Defendant did not recall, others heard it and others did not.

 We recognize that there are many cases upholding verdicts favorable to injured children in motor vehicle accident cases. Under the reasonable care standard, each case must necessarily turn upon its facts. Under the facts here, we cannot say that plaintiff is entitled to recover as a matter of law. We find the trial court did not err in denying plaintiff's motion for a directed verdict.

The judgment for defendants is affirmed.

Affirmed.

DUFFY, Senior Circuit Judge (dissenting).

I respectfully dissent. This is a different case than one where a child darts out from the curb, and the vision of the motorist is obstructed or where there were good reasons for the driver not having previous knowledge of the presence of children at the side of a street.

Here, Mary Haase, seventeen years of age, was the driver of the automobile. She and her three companions saw the children at the street crossing when they were half a block distant. Mary's sister testified it looked as though the children were going to cross the street. Apparently no horn was sounded to warn the children. After the brakes were applied, the skid marks on the dry pavement were nineteen feet, eight and a half inches in length.

Mary Haase pleaded guilty for failure to yield the right-of-way to a pedestrian. The children had planned to cross the street at the proper place. In my view, plaintiff was entitled to a verdict and judgment as a matter of law.